

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 15, 2015**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEBORAH D. CHILDERS, | § | CASE NO. 10-10405-RLJ-13 |
| | § | |
| DEBTOR. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

      The Court approved Deborah Childers's plan modification that was opposed by the chapter

13 trustee, Robert Wilson.  The trustee now seeks a "new trial," though, really, he wants the Court

to reverse itself and deny approval of the modification.  The Court's Memorandum Opinion

entered on January 27, 2015 [Docket No. 69] sufficiently sets forth a full statement of the facts and

the legal issues that were considered.

      The trustee is adamant that the plan here as originally confirmed must go the full sixty

months and that Deborah's modification cannot change this requirement.  Deborah, through her

counsel, submits that at the time of her modification she was then a below-median income debtor

and thus her commitment period is thirty-six months, not sixty months.  The modification changed

the term to forty-three months, which obviously exceeds her required commitment period.

1

Deborah further notes that given that the trustee has already disbursed the insurance proceeds to creditors, the matter is now moot as such disbursement was made upon the Court's approval of the modification.

The trustee makes three points to support his position. His first argument simply rejects the notion that Deborah Childers is now a below-median income debtor. He insists that she is an above-median income debtor—as she and her husband were at the time the plan was originally confirmed—and thus the plan must go five years (or sixty months). (As the Court discussed in its Memorandum Opinion, the Eleventh Circuit in *Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873, 880 (11th Cir. 2010), held that the applicable commitment period is a temporal requirement.) The trustee next argues that Deborah Childers is foreclosed from modifying her plan because she tendered her lump-sum pre-payment *before* she filed her modification. This timing, according to the trustee, is critical. The third point made by the trustee is that the modification failed to warn creditors that an early payoff deprives them of a potentially higher dividend that might arise if Deborah's income increases during the remaining plan term.

The Memorandum Opinion sufficiently rebuts the trustee's points, but the Court will elaborate. As for the first point, the Court held that, even assuming application of § 1325(b) of the Bankruptcy Code—which provision incorporates the required applicable commitment period—the new commitment period under Deborah's modification is thirty-six months because she is now a below-median income debtor. As Deborah said in her response, she has already exceeded such timeframe.

The trustee's second point is based on the timing of Deborah's lump-sum payment relative to the modification. The trustee argues, and correctly so, that a plan cannot be modified after payments are completed. *See* 11 U.S.C. § 1329(a). But the stipulated facts and representations

made by counsel do not support such construction here.  Deborah Childers's submission of the lump-sum payment was made in connection with the modification that was later forthcoming.  The trustee held the funds for several months pending the modification and the Court's approval of the modification, and it was not until after the modification was approved that the trustee distributed the pre-payment funds to creditors.  This may very well render this entire dispute moot.

As for the trustee's third point, he submits that "[c]reditors were not given the opportunity to choose an early payoff verses [*sic*] the possibility of a windfall during the original term."  And at least one court, as cited by the trustee, found it "critical" in approving an early payoff that the motion requesting its approval contained a conspicuous notice to creditors that they might lose a potentially higher dividend.  *See In re Smith*, 449 B.R. 817, 820 (Bankr. M.D. Fla. 2011).  The *Smith* court considered an early payoff under facts it found were distinguishable from those in *Tennyson*, the Eleventh Circuit opinion that held that the applicable commitment period is temporal.  *Id.*  The *Smith* court reasoned that the bolded warning to creditors, followed by their silence, meant they essentially "voted with their wallets and opted to receive immediate payment." *Smith*, 449 B.R. at 820.  This justified the court's decision approving the early payoff, as it was, in effect, the will of all constituents in the case.  The significance of the warning notice there is understandable.

But a warning of the effects of an early payoff is not a statutory or court-imposed requirement.  Creditors are capable of understanding the possible effects of a simple modification to a chapter 13 plan.  It is not suggested that the creditors here did not receive notice of the modification itself.  Besides, given the circumstance here, the premise of an early payoff as a multiplier is not applicable.  As explained in the Memorandum Opinion, the modification here was approved without the need of resolving whether the applicable commitment period is a multiplier

3

or a temporal requirement.  The debate over that question can rage on.

Deborah Childers is a teacher's aide who makes approximately $1,500 per month; she is now a single debtor in what originally was a joint chapter 13 case with her late husband, Scotty Childers.  Scotty Childers contributed over $5,000 per month to the Childerses' living expenses and obligations under their chapter 13 plan.  Some courts have held that proposals similar to Deborah's do not even constitute a modification under the Code.  And even if it is a modification, other courts have held that the applicable commitment period imposed under § 1325(b) does not apply.  But most important, this Court held that if § 1325(b) does apply, the new applicable commitment period is thirty-six months.

It is, therefore,

ORDERED that the trustee's motion is denied.

### End of Memorandum Opinion and Order ###